MEMO ENDORSED

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street, 10th Floor
New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

*Tamara Giwa*
Executive Director

*Jennifer L. Brown*
Attorney-in-Charge
Southern District

May 12, 2025

**Via ECF and Email**
Honorable Andrew L. Carter, Jr.
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: **8/28/25**

Re:   **United States v. Robert Rumph**
      **23 Cr. 603 (ALC)**

Dear Judge Carter,

I write to respectfully request that the Court correct a portion of the sentence in the above-captioned case, pursuant to Federal Rule of Criminal Procedure 35(a).

Specifically, I ask that the Court add this language to page 2 of Mr. Rumph's judgment: "(1) The federal sentence shall begin to run on the date of his federal sentencing and (2) Mr. Rumph can serve his federal sentence in the custody of the State of New York."

Mr. Rumph was sentenced by this Court on April 30, 2025 (in a judgment that was filed the next day, *see* Dkt. No. 70) to a term of 31 months' imprisonment. At sentencing, the parties and the Court discussed the relationship between Mr. Rumph's federal sentence and the fact that Mr. Rumph was in primary state custody and had been brought to federal custody on a writ. (In recognition of the fact that Mr. Rumph could not get any *pre-sentence* federal credit for the time he spent physically at MDC Brooklyn between when he was remanded and when his federal sentence was imposed, the Court deducted that time from its intended sentence.)

Undersigned counsel did not explicitly address the anticipated problems with Mr. Rumph's *post-sentence* calculation. I believed – and perhaps the Court believed – that Mr. Rumph's federal sentence would not and could not be interrupted after its imposition based on any physical relocation, but I have since learned that is wrong. If the Court intended for Mr. Rumph's federal sentence to begin running on the date of his federal sentencing, no matter his subsequent physical placement, then the requested language is necessary to correct judgment. (Indeed, since our federal sentencing, Mr. Rumph's writ was deemed satisfied and he is currently

1

being housed at Riker's Island.[1]  As such, he may again not be getting any federal credit, even though this Court just sentenced him.)

The Government by Assistant United States Attorney Will Kinder takes no position regarding this request.

Thank you for your attention to this matter.

Respectfully submitted,
/s/
Sylvie Levine
Assistant Federal Defender
212-417-8729

The application is **GRANTED**.
So Ordered.

*[Signature]* 8/28/25

---

[1] After his federal sentencing, Mr. Rumph also subsequently pled guilty in Queens County and was sentenced to an indeterminate term of imprisonment of 1-3 years, which the state judge ran concurrent with his federal sentence.  Given that it was imposed after our sentencing, I am not asking for any modification regarding that new development – I am only asking for the language that I should have asked for at our original proceeding, to reflect the Court's intent at the time of sentencing.

2